# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL SULLIVAN, | § | |
| INDIVIDUALLY, AND VALERO | § | |
| HOME SOLUTIONS, LLP, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-3371-K-BK |
| | § | |
| PS FUNDING INC., | § | |
| DEFENDANT. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 4. Now before the Court is Defendant's *Motion to Dismiss Pursuant to Rule 12(b)(6)*. Doc. 5. For the reasons that follow, it is recommended that the motion be **GRANTED**.

## I.    PROCEDURAL HISTORY

In November 2020, John Michael Sullivan ("Sullivan") and Valero Home Solutions, LLP ("Valero") filed this counseled action in state court against Defendant, seeking to avoid foreclosure on the real property at issue (the "Property"). Doc. 1 at 11, 24. Sullivan alleges that he wanted to purchase a home for his family but, because his credit was "questionable at the time," his then-mortgage lender informed him that if he "set up a company," he would be able to secure a loan. Doc. 1 at 13-14. After Sullivan established Valero for that purpose, that entity purchased the Property but subsequently fell behind on the payments. Doc. 1 at 14-15; Doc. 1 at 33 (Deed of Trust).

In the meantime, Defendant had taken over the Note and, allegedly reneging on its predecessor's willingness to modify the loan, informed Sullivan he would have to pay the entire accelerated amount of the loan to avoid foreclosure. Doc. 1 at 15. Thereafter, Plaintiffs assert they received no further word from Defendant until Sullivan independently learned the Property had been scheduled for a foreclosure sale. Doc. 1 at 16-17. Plaintiffs obtained a temporary restraining order in state court and sued Defendant by way of a verified petition for (1) fraud; (2) breach of contract, namely the deed of trust securing the Property (the "DOT"); and (3) violation of the Texas Debt Collection Act ("TDCA").[1] Doc. 1 at 17-22. Defendant removed the action to this Court based on diversity and federal question jurisdiction, Doc. 1 at 2, and now moves to dismiss Plaintiffs' claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 5.

## II.    APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the

---

[1] While Plaintiffs initially brought a claim under the Real Estate Settlement Procedures Act ("RESPA"), Doc. 1 at 20-21, they expressly abandoned that claim in response to Defendant's dismissal motion, Doc. 10 at 11.

complaint by reference, and matters of which a court may take judicial notice.[2] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

## III.    ANALYSIS

### 1. Fraud

Plaintiffs allege Defendant committed fraud when it misled them into believing that they could reinstate or modify the loan, but then pursued foreclosure anyway. Doc. 1 at 19. Defendant asserts that Plaintiffs' fraud claim should be dismissed because Plaintiffs have not adequately pled the claim and because it is barred by the economic loss doctrine. Doc. 5 at 15-19. Plaintiffs do not respond directly to Defendant's argument, but instead state that they "will timely seek leave to amend any alleged pleading defects related to their common law fraud claim." Doc. 10 at 1-2.

Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Nevertheless, if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff may bring a tort claim in addition to a claim for breach of contract. Relevant to this motion, the economic loss rule applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

To determine whether a plaintiff may recover on a tort theory, courts look at the nature of the plaintiff's loss. *See Sterling Chems, Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796-98 (Tex. App–Houston [1st Dist.] 2007). A claim in tort will not lie when the only injury alleged is for

---

[2] On this date, the Court has granted Defendant's *Request For Judicial Notice In Support Of Motion To Dismiss Pursuant To Fed. R. Civ. Proc. 12(b)(6)*. Doc. 7.

economic damages caused by the failure to perform a contract.  *Id.*  If the injury is independent of the loss caused by the breach of contract, however, a plaintiff may bring a tort claim.  For example, in *Century Surety Co. v. Hardscape Const. Specialties, Inc.*, 578 F.3d 262, 270 (5th Cir. 2009), the Court of Appeals for the Fifth Circuit noted that while the plaintiff's cause of action for faulty pool and deck construction sounded solely in contract, if the plaintiff had alleged that the faulty construction *separately* damaged its business interests or adjacent property, it might have had a tort cause of action as well.

Here, the DOT "secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note."  Doc. 1 at 41 (DOT provision relating to modification of the sums secured by the lien); *see also* Doc. 1 at 42 (DOT provision addressing right to reinstate after acceleration).  Plaintiffs have not alleged any independent injury outside of the economic losses allegedly caused by Defendant's actions because the DOT specifically addresses their ability to modify or reinstate the Note.  Accordingly, Plaintiffs cannot state a claim for fraud and that cause of action should be dismissed.

   *2.  Breach of Contract*

Plaintiffs next allege that Defendant breached "the [DOT] and/or Texas Property Code" by not providing them with the requisite notices of default/opportunity to cure, acceleration, and foreclosure after they continued to make payments on the Note.[3]  Doc. 1 at 20.

---

[3] The Court disregards Plaintiffs' reliance on provisions in the Texas Property Code applicable to residential properties because Valero is the mortgagor, not Sullivan.  *See* Doc. 10 at 4-6 (citing TEX. PROP. CODE § 51.002(d) ("[T]he mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property *used as the debtor's residence*") (emphasis added)).  Further, Valero represented that the Property would not be used as a residence but would serve as an investment property.  Doc. 7-3 at 2-3 (Occupancy and Financial Status Affidavit).

In urging dismissal, Defendant makes three arguments:  (1) Plaintiffs waived their right to notice of default and acceleration of the Note and, in any event, Defendant did provide the requisite notice; (2) Plaintiffs do not specifically allege which provisions of the DOT Defendant allegedly breached; and (3) Plaintiffs cannot sue for breach of contract because they did not perform under the terms of the DOT.  Doc. 6 at 17.

For purposes of this motion, the first argument is dispositive.  In Texas, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach."  *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (citation omitted).  Here, Defendant did not breach the contract as Plaintiff alleges.  Plaintiff is correct that the DOT and Note provide that Valero is entitled to notice of default, the action required to cure it, and 30 days to cure before the lender can accelerate the sums secured by the DOT.  *See* Doc. 1 at 43.  The DOT also contains provisions governing the lender's obligations to provide notice regarding acceleration of the Note, Valero's opportunity to reinstate the loan, and the required steps during foreclosure proceedings.  Doc. 1 at 43-44.

Attached to the Note, however, is a "Promissory Note Notification and Default Amendment," (the "Amendment") which allows the lender to notify Valero that it must "pay immediately the full amount" of the Note upon default.  Doc. 7-1 at 6.  The Amendment further provides that the lender is required to give Valero a notice of acceleration but does not specify a timeframe for doing so.  Indeed, the Amendment specifically states that the lender:

> is not required to send [Valero] written Notice of Default beyond what is required
> by the governing Texas Property Code for an Investment Property.  Each borrower

and endorser hereby waives grace, presentment for payment . . . notice of intent to accelerate, notice of acceleration, and diligence in collecting.

Doc. 7-1 at 6.  Thus, even if Defendant had not provided any notice at all about the state of Plaintiffs' default – which it did, as evidenced by the record – it would not have been in breach of the terms of the DOT.  *See* Doc. 7-5; Doc. 7-6; *see also Randall D. Wolcott, M.D., P.A.*, 635 F.3d at 763.  Accordingly, Plaintiff's breach of contract claim should be dismissed.

*3. TDCA*

Last, Plaintiffs allege that Defendant violated the TDCA by failing to provide the required notice of default, yet still proceeding with foreclosure.  Doc. 1 at 22.  Defendant argues that Plaintiffs' TDCA claims should be dismissed because Plaintiffs' loan is not a "consumer" loan within the meaning of the TDCA.  Doc. 12 at 6.

As relevant here, the TDCA prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt."  TEX. FIN. CODE § 392.304(a)(8).  The TDCA defines a "consumer" as "an individual who has a consumer debt."  TEX. FIN. CODE § 392.301(1).  Valero is not an individual—it is an entity.  *See* Doc. 1 at 14-15.  Because Valero is not a "consumer" within the meaning of the TDCA, that act's provisions do not apply. Accordingly, Plaintiffs' TDCA claim should be dismissed.

## IV.  LEAVE TO AMEND

A court may dismiss claims that fail to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).  Plaintiffs have not amended their complaint and request leave to do so in response to Defendant's dismissal motion.  Doc. 10 at 1-2.

Nevertheless, the Court concludes that Plaintiffs' claims should be dismissed with prejudice because, considering the underlying facts they have pled, they cannot succeed on any of their claims. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations). As such, the Court should deny Plaintiffs' request for leave to amend their complaint.

## V.    CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motion to Dismiss Pursuant to Rule 12(b)(6)*, Doc. 5, be **GRANTED** and Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on July 15, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).